## W. A. HUNTER, *et al., v.* W. P. O'NEAL.

STATUTE OF LIMITATIONS. *Adverse possession of land under color of title.* Under the first section of the Act of 1819, ch. 28, a party may claim and perfect title under a deed, grant, or other assurance of title, void and inoperative in its inception.

Cases cited: Vance's Heirs *v.* Johnson, 10 Hum., 214; Joseph Clark, *et al., v.* Jno. P. Chase, *et al.,* 5 Sneed, 636.

### FROM MARSHALL.

Appeal from the Circuit Court. W. P. MARTIN, Judge.

BROWN & LEWIS and DAVIDSON & MURRAY for complainant.

WISENER & EWING for defendant.

DEADERICK, J., delivered the opinion of the Court.

This is an action of ejectment from the Circuit

Court of Marshall County, and appeal taken by plaintiffs in error from the judgment against them.

It is claimed by them that the Circuit Judge erred in his charge to the jury in telling them that if the proof showed a compromise was made and agreed upon, and corners and lines were marked, and Hunter, after that, procured a grant for the disputed land, such grant would be a fraud upon plaintiffs, and the grant would be void, and the defendant could not perfect his title, by adverse holding under said grant, by connecting it with such holding prior to the compromise. Upon this point the Court was requested to instruct the jury, "that if there was any compromise, and Hunter, defendant's ancestor, afterwards entered the land within the interference, and held adverse possession of the land within the dispute for seven years, it would protect his title to the whole of the interference, and entitle defendants to a verdict."

The Court refused to give this instruction upon the ground that he had instructed the jury upon the point, and he had substantially instructed the jury that such continuous adverse holding would vest the title, but in a subsequent part of the charge he instructed that the adverse holding before the alleged compromise could not be connected with any subsequent holding, and to avoid any misapprehension by the jury, the instruction was asked as to the effect of the adverse holding after the alleged compromise.

The plaintiff claimed under a grant from the State of North Carolina, dated in 1788, and the defendants

under two grants to their ancestor, dated respectively in 1826 and 1827.

Even if Hunter had yielded the possession, and disclaimed title to the disputed land prior to his obtaining any grant for it, yet, if he subsequently obtained a grant, and took possession, and held it adversely and exclusively under said grant or grants for seven years, his heirs might well rely upon this defence.

A party may claim and perfect title under a deed void or inoperative in its inception. 10 Hum., 214; 5 Sneed, 636.

The instruction asked should have been given, so, too, we think, in view of the evidence, it was proper that the Circuit Judge should have given the jury instructions upon the question of champerty.

Let the judgment be reversed, and the cause remanded for a new trial.